ams
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-40077-02-JAR |
| ) | |
| BRENDA G. BECKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is movant Michael Stacy's Motion to Remove Name and for Discovery (Doc. 99). In this letter, Mr. Stacy asks the Court to remove his name from a repatriation order that pertains to property in this case that is subject to forfeiture. He indicates that he has no legal authority to repatriate or authorize and effect repatriation of the boat that is the subject of that order. Mr. Stacy further requests that the government "produce any and all documentation in possession of the government that is contrary to" his assertion that he holds no authority with respect to the boat.

The boat at issue in the sealed repatriation order was included in the Court's preliminary order of forfeiture in this case. This Court has authority to issue a protective restraining order or injunction, or take any other action to prevent dissipation of assets and preserve availability of property that is subject to forfeiture.[1] The Court has reviewed the government's response and the sealed documents that provided the basis for the Court's repatriation order and finds

---

[1] Fed. R. Crim. P. 32.2(b)(3); 21 U.S.C. § 853(e)(1)(A).

sufficient evidence existed to include Mr. Stacy's name in the order. Therefore, his request to remove his name from the order is denied. If Mr. Stacy is correct that he holds no interest in or authority over this asset, the repatriation order causes him no hardship or due process concern.

Mr. Stacy's request for discovery is also denied. He is not a party to this action and the government has taken no action that implicates his due process rights. The forfeiture proceedings in this case are presently stayed pending resolution of defendant Brenda Becker's case. Once the stay of the forfeiture proceeding is lifted, he will be allowed to participate in any third-party ancillary proceeding if he asserts such an interest.[2]

**IT IS THEREFORE ORDERED BY THE COURT** that movant Michael Stacy's Motion to Remove Name and for Discovery (Doc. 99) is **denied**.

**IT IS SO ORDERED.**

Dated: April 14, 2011

                                  S/ Julie A. Robinson
                                  JULIE A. ROBINSON
                                  UNITED STATES DISTRICT JUDGE

---

[2] Fed. R. Crim. P. 32.2(b)(2); 21 U.S.C. § 853(n).